IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| MATTHEW STARK<br>Plaintiff | §<br>§<br>§ | CIVIL ACTION<br><br>NO. |
| VS. | §<br>§<br>§ | |
| TRICO MARINE OPERATORS, INC.<br>Defendant | §<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MATTHEW STARK, hereinafter referred to as Plaintiff, complaining of Defendant, TRICO MARINE OPERATORS, INC. and for cause of action would respectfully show as follows:

### PARTIES

1. Plaintiff, MATTHEW STARK, is a resident of Kent, Washington.

2. Defendant, TRICO MARINE OPERATORS, INC. is a Louisiana Corporation doing business in the State of Louisiana and may be served through its registered agent, Capitol Corporate Services, Inc., 8550 United Plaza Building II, Suite 305, Baton Rouge, LA 70809.

### JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to General Maritime Law and the Jones Act, 46 U.S.C. App. § 30104, *et seq.*

### FACTS

4. Plaintiff would show that this lawsuit has become necessary as a result of personal injuries which he sustained on or about June 7, 2007 and June 13, 2007. On the dates in question and at all

relevant times, Plaintiff was employed by Defendant, TRICO MARINE OPERATORS, INC. as a seaman and was a member of the crew onboard the *M/V Big Blue River*.

5.      At all relevant times, Defendant, TRICO MARINE OPERATORS, INC., was the owner and/or operator of the *M/V Big Blue River*.

6.      On June 7, 2007, Mr. Stark was asked by an individual in a supervisory capacity to organize the paint locker. The locker is a four feet by four feet metal box that is three feet deep and sits on the deck. In order to accomplish the assigned task, Mr. Stark was required to bend over the edge of the box and reach down approximately three feet into the box. The paint locker was full of one gallon cans of paint. The manner required for Mr. Stark to reach into the locker was awkward and put stress on his lower back.

7.      On June 13, 2007, Mr. Stark was ordered by the mate on board the *M/V Big Blue River* to move a large 55 gallon oil drum across the deck and onto the dock. The oil drum was filled with used oil and engine parts. The estimated weight of the oil drum was over 500 pounds. Mr. Stark requested assistance in performing this task but was provided none. Additionally, Plaintiff was not provided with a dolly or other mechanical device to accomplish the task either on the vessel or the dock. Plaintiff was able to slide and otherwise move the drum with great effort approximately 30 feet to the rail. When Mr. Stark got to the rail, however, he needed to lift it about 6-8 inches over the rail. Mr. Stark did a bear-hug of the drum and bent his knees to perform the lift. When he made the lift, he had immediate and severe pain in his lower back. Mr. Stark reported the incident and received medical treatment on shore. At the time of both incidents, the vessel was docked in Cameron, Louisiana.

## CAUSES OF ACTION

8.  At all relevant times, Plaintiff was in the course and scope of his employment with the Defendant, TRICO MARINE OPERATORS, INC. Plaintiff will show that Defendant was negligent and that such negligence was a producing and/or proximate cause of Plaintiff's injuries and damages. Specifically, Defendant was negligent in one or more of the following non-exclusive particulars:

    a.  Failing to provide Plaintiff with a safe place to work;

    b.  Failing to provide Plaintiff with adequate assistance to safely perform his job.

    c.  Failing to provide Plaintiff with adequate tools and/or equipment to safely perform his job.

    d.  Other acts and/or omissions which may be shown at the time of trial.

9.  Plaintiff will further show that at the time of the incident made the basis of this suit, the *M/V Big Blue River* was unseaworthy because of the layout of the paint locker and because it lacked adequate tools and manpower to enable Plaintiff to successfully perform his job and that said unseaworthy condition was a proximate and/or producing cause of Plaintiff's injuries and damages.

10. Plaintiff will further show that Defendant, TRICO MARINE OPERATORS, INC. breached its absolute duty to provide Plaintiff with maintenance and cure.

## DAMAGES

11. As a direct and proximate result of Defendant's negligent conduct and/or of the unseaworthy condition of the *M/V Big Blue River*, Plaintiff suffered the following injuries and damages:

    a.  Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

    b.    Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to suffer same into the future;

    c.    Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer same into the future;

    d.    Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer same into the future;

    e.    Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer same into the future;

    f.    Plaintiff has lost earnings in the past and, in all reasonable probability, will sustain a loss of earning capacity in the future; and,

    g.    Plaintiff has suffered a past loss of found damages, and in all reasonable probability, will sustain a loss of found damages in future.

12.    As a result of Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recover for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff would also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action and he is entitled to reasonable attorney's fees for the collection of the maintenance and cure benefits due to him for the arbitrary and capricious denial of said benefits. Plaintiff also seeks Punitive damages for Defendant's failure to pay maintenance and cure.

## **JURY DEMAND**

13.    Plaintiff requests a trial by jury on the merits.

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks for judgment against Defendants for the following:

    a.    a sum in excess of the minimum jurisdiction limits of this Honorable Court;
    b.    pre-judgment interest and post-judgment interest at the maximum legal rate;
    c.    costs of court; and

d.  any and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GORDON, ELIAS & SEELY, LLP**

By: /s/ Steve Gordon
Steve Gordon
Louisiana Bar No. 24109
1811 Bering, Suite 300
Houston, Texas 77057
(713) 668-9999
(713) 668-1980 - Facsimile

ATTORNEY FOR MATTHEW STARK